UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHREE HARI HOTELS, LLC d/b/a QUALITY INN & SUITES,<br>    *Plaintiff*,<br><br>*vs.*<br><br>SOCIETY INSURANCE COMPANY,<br>    *Defendant.* | )<br>)<br>)<br>)  1:11-cv-01324-JMS-DKL<br>)<br>)<br>)<br>) |

**ORDER**

Presently pending before the Court is a Motion for Partial Summary Judgment filed by Defendant Society Insurance Company, ("Society"), [dkt. 95], which the Court **GRANTS** for the reasons that follow.

**I.**
**STANDARD OF REVIEW**

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. Pro. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible

evidence to support the fact. Fed. R. Civ. Pro. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. Pro. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. Pro. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.*, 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id*. at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved for the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). And when evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex*, 477 U.S. at 330.

## II.
### BACKGROUND

Plaintiff Shree Hari Hotels, LLC, ("Shree Hari"), was the insured of Defendant Society Insurance Company, ("Society"), from October 22, 2012 to October 22, 2011, and has brought this matter against Society after an insurance claim it pursued for water damage to its property

was allegedly mishandled. [Dkt. 95-1 at 2.] On August 30, 2011, Shree Hari filed its Complaint in Howard County Superior Court. [Dkt. 1-1.] On September 29, 2011, Society removed the matter to this Court. [Dkt. 1.] The counts alleged against Society in the initial Complaint were as follows: Count I – Breach of Contract, alleging that Society refused to pay all of the policy proceeds due to Shree Hari for water damage it suffered while insured; Count II – Bad Faith, alleging that Society acted in bad faith by denying portions of Shree Hari's claim; and Count III – Negligence, alleging that Society hired adjusters who negligently handled the remediation, adjuster process, and estimates, and caused unnecessary delays. [*Id*.] The initial Complaint also included Count IV – Negligence against a now-terminated party, Crawford and Company.

On January 17, 2012, Shree Hari stipulated with Crawford and Company that Count IV would be dismissed without prejudice. [Dkt. 35.] On March 20, 2012, Shree Hari stipulated that Count II should be dismissed without prejudice. [Dkt. 43.] The Court granted both stipulations of dismissal. [Dkts. 37, 46.]

Society filed its operative, amended answer on March 30, 2012 and included the defense that Shree Hari's complaint fails to state a claim upon which relief may be granted and therefore should be dismissed pursuant to Rule 12(b)(6). [Dkt. 48.]

### III.
#### DISCUSSION

Society has moved the Court to enter judgment in its favor on Count III because Shree Hari fails to state a claim upon which relief can be granted. [Dkt. 95-1 at 1.] Under Fed. R. Civ. P. 12(b)(6) and 56(c), such a motion may be treated as a motion for summary judgment when the parties have been given time to submit affidavits and other evidence in support of their arguments, as the parties here have done. [Dkts. 95, 95-1, 95-2, 96, 96-1, 96-2, 97, 98-1, 98-2, 98-3.]

In moving for partial judgment, Society argues that because Shree Hari voluntarily dismissed its claim that Society breached a duty of good faith and fair dealing, and because there is no recognized claim of negligence against an insurer, no separate tort claim can be sustained that arises from the insurance contract between itself and Shree Hari. [Dkt. 95-1 at 1.] In response, Shree Hari argues that the claim against Society arises "independently of a contract of insurance and is actionable" and that the conduct constitutes an independent tort "even if there were no insurance policy." [Dkt. 96 at 6, 8.]

The Court is exercising diversity jurisdiction over this action. [Dkt. 14.] When addressing a question of state law while sitting in diversity, it is the Court's task to ascertain the substantive content of state law as it either has been determined by the highest court of the state or as it would be by that court if the present case were before it now. *Thomas v. H & R Block Easter Enters.*, 630 F.3d 659, 663 (7th Cir. 2011). Under Indiana law, it is well-established that there exists only one independent tort action that arises from an insurance contract: tortious breach of an insurer's duty to deal with his insured in good faith. *Erie Insurance Company v. Hickman by Smith*, 622 N.E.2d 515, 518-519 (Ind. 1993). The duty of good faith and fair dealing that an insurer owes to its insured arises from the unique contractual relationship between an insurer and its insured. *Id.* at 518. Although the extent of the duty of good faith has not been specifically defined by Indiana courts, *Erie* makes clear that mere negligence on the part of the insurer is not sufficient to amount to a breach of the insurer's duty of good faith. *Id.* at 518.

Here, while Shree Hari initially alleged that Society had breached its duty of good faith and fair dealing, it has since stipulated to the dismissal of that claim, [dkt. 43], and does not argue that a tort action exists that would arise from its contractual relationship with Society.

[*See* dkt. 96.]  Instead, Shree Hari argues that the negligence claim it asserts against Society arises out of a tort unrelated to the insurance contract between the two, [*id.* at 6], and that the independent adjuster retained by Society and the claims professional employed by Society acted as "construction managers," [*id.* at 7], and presumably had a duty of care independent of the insurance contract issued by Society.  Society argues in reply that the two men, George Pahl and Dave Weiler, cannot be considered construction managers, and that in their actual roles as adjusters, they owed no duty of care to Shree Hari.  [Dkt. 97 at 8, 10.]  The Court will consider the arguments in turn.

In *Hunt Construction Co. v. Garrett,* the Indiana Supreme Court held that a construction manager may owe a legal duty of care under only two circumstances: (1) when such a duty is imposed upon the construction manager by a contract to which it is a party; or (2) when the construction manager "assumes such a duty, either gratuitously or voluntarily."  964 N.E.2d 222, 225 (Ind. 2012).  In the present matter, there is no contract which indicates that either Mr. Pahl or Mr. Weiler were construction managers, and there is no evidence that the duty of care applicable to a construction manager was gratuitously or voluntarily assumed, despite Shree Hari's accusation that the two caused "obstruction and delay of [another contractor's] work."  [Dkt. 96 at 7.]  Indeed, as *Hunt* explains, the model of construction management "separates and consolidates the management function in one entity – the construction manager," which is a departure from the conventional model of construction where no particular actor has "overall management of the construction project as a primary activity."  *Id.* at 224.

Although Shree Hari disputes six of the facts provided by Society, [dkt. 96 at 4-5], none of them bears on the matter of whether there existed a construction management contract between Shree Hari and Mr. Pahl or Mr. Weiler, or whether either of the two gratuitously

assumed as his primary duty the overall management of the construction project. The Court therefore finds that no genuine issue of material fact exists as to whether Mr. Pahl and Mr. Weiler were employed as adjusters, rather than construction managers. Accordingly, the Court will consider only whether the two owed a duty of reasonable care to Shree Hari in their capacity as adjusters.

Although there is a split of authority among state jurisdictions as to whether a negligence claim may be brought by an insured against an adjuster, the majority view is that an adjuster owes no duty of reasonable care to an insured, only to the insurer. *See Charleston Dry Cleaners & Laundry, Inc. v. Zurich American Ins*. Co., 586 S.E.2d 586, 588 (S.C. 2003) (collecting cases). As Society points out, [dkt. 97 at 10], Indiana has indicated its acceptance of the majority position. *See Troxell v. American States Insurance Company*, 596 N.E.2d 921, 925 (Ind. Ct. App. 1997) (citing *Valestequi v. Exchange Insurance Co.,* 505 N.Y.S.2d 779, 781-782 (N.Y. 1986), and noting "defendant adjuster, who was agent of insurer and had no contractual relationship with insureds, did not have duty to insureds to exercise ordinary care") (internal citation omitted).

As stated above, there is no recognized cause of action for negligence against an insured, *Erie*, 622 N.E.2d at 518, and neither Mr. Pahl nor Mr. Weiler can be said to have owed a duty of care imputable to Society that would support a tort action independent of the contract between Shree Hari and Society. Therefore, the Court finds that Count III of Shree Hari's Complaint fails as a matter of law. Accordingly, the Court grants Society's Motion for Partial Summary Judgment. [Dkt. 95.]

## IV.
### CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. [Dkt. 95.] Count III of Shree Hari's Complaint against Society is **DISMISSED WITH PREJUDICE**. The only claim that remains in this matter is Count I – Breach of Contract Against Society Insurance Company.

04/11/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

William H. Walden, Jr.
whwatty@sbcglobal.net

Ginny L. Peterson
KIGHTLINGER & GRAY
gpeterson@k-glaw.com

Kevin G. Kerr
HOEPPNER, WAGNER, & EVANS LLP
kkerr@hwelaw.com

Michael Eugene Tolbert
HOEPPNER, WAGNER, & EVANS LLP
mtolbert@hwelaw.com

Richard Martin Davis
HOEPPNER, WAGNER, & EVANS LLP
rdavis@hwelaw.com

Thomas J. Jarzyniecki, Jr.
KIGHTLINGER & GRAY
tjarzyniecki@k-glaw.com