UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHREE HARI HOTELS, LLC d/b/a QUALITY INN & SUITES,<br>     *Plaintiff*,<br><br>     *vs.*<br><br>SOCIETY INSURANCE,<br>     *Defendant*. | )<br>)<br>)<br>)    1:11-cv-01324-JMS-DKL<br>)<br>)<br>)<br>) |

## ORDER

Presently pending before the Court in this insurance coverage action is Defendant Society Insurance's ("Society") Motion to Set Aside June 5, 2013 Appraisal Results Based on Fraud, Misrepresentation, Partiality and Misfeasance.  [Dkt. 121.]

## I.
### BACKGROUND

On June 13, 2012, Plaintiff Shree Hari Hotels, LLC, doing business as Quality Inn & Suites ("Shree Hari") filed a Verified Demand for Appraisal Pursuant to the Society Insurance Policy.  [Dkt. 56.]  In the Demand, Shree Hari relied on a provision in its Society Insurance Policy (the "Policy"), which provided that:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding….

[Dkt. 56-1 at 1.]

Over Society's objections, the Court granted Shree Hari's Demand, stating that "[e]ven if an appraisal under the *Policy* would not resolve this case completely, it could eliminate or substantially narrow the significant issue of loss value, which might also facilitate settlement

1

discussions." [Dkt. 90 at 2 (emphasis in original).] Society retained William Jensen as its appraiser, Shree Hari retained Jay Hatfield as its appraiser, and the parties agreed upon Erik Pearson as the umpire. Mr. Jensen arrived at the following actual cash value loss figures: (1) $72,464.80 for the building; and (2) $4,727.13 for "business pers[onal] prop[erty], for a total actual cash value loss of $77,191.93. [Dkt. 122-4.] Mr. Hatfield calculated the following amounts for actual cash value loss: (1) $713,580 for the building; (2) $554,508 for business income loss; and (3) $90,813.60 for personal property, for a total actual cash value loss of $1,358,901.60. [Dkt. 103-2 at 1.] The umpire entered an Appraisal Award, adopting the figures arrived at by Mr. Hatfield. [*Id.* at 2.]

## II.
### DISCUSSION

Society has now moved to set aside the umpire's Appraisal Award, arguing that Shree Hari's appraiser, Mr. Hatfield, was not impartial because "[h]is compensation in this case is directly tied to the success of Shree Hari's claim by virtue of a contingency fee agreement." [Dkt. 122 at 2.] It points to the Appraisal Agreement between Shree Hari and Mr. Hatfield which states:

> (We) hereby appoint Jay Hatfield of Indiana Public Adjusting, Inc. to serve as appraiser of…(our) loss…and agree to pay Jay Hatfield…$250.00 per hour with the maximum fee not to exceed 10% of the claim payment(s).

[Dkt. 122-2.] Society also argues that Shree Hari and its counsel misrepresented Mr. Hatfield's interest in the outcome of the appraisal, [dkt. 122 at 5-6], and that there was misfeasance during the appraisal process through meetings between Mr. Hatfield and Mr. Pearson that took place without Mr. Jensen, and because Mr. Pearson adopted Mr. Hatfield's figures without "put[ting any] thought into the half-million dollar business interruption value," [*id.* at 7-8].

Shree Hari responds that Society was provided with a copy of the Appraisal Agreement, that Mr. Hatfield signed a separate declaration stating that he was impartial, and that Society never sought to disqualify Mr. Hatfield during the appraisal process. [Dkt. 123.]

It is axiomatic that "[a]n appraiser with a financial interest in the outcome of the appraisal is not impartial." *Gold v. State Farm Fire & Cas. Co.*, 2010 U.S. Dist. LEXIS 108608, *3 (D. Col. 2010) (*citing General Star Indem. Co. v. Spring Creek Village Apartments Phase V, Inc.*, 152 S.W.3d 733, 737 (Tex. App. 2004); *Central Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 466 N.W.2d 257, 262 (Iowa 1991)); *see also Harris v. Am. Modern Home Ins. Co.*, 571 F.Supp.2d 1066, 1078 (E.D. Mo. 2008) ("While an appraiser may receive a flat or hourly fee, he may not receive a contingent fee; the appraiser's fee may not be based on a percentage of the settled loss….When an appraiser is paid through a contingent fee arrangement, the appraiser receives a direct financial interest in the dispute and becomes an interested party").

Under the terms of the Appraisal Agreement, the Court concludes that Mr. Hatfield had a financial interest in the outcome of the appraisal. The Agreement specifically states that Mr. Hatfield's hourly rate is $250.00, with his maximum fee capped at 10% of the claim payment. Mr. Hatfield testified that this is, in fact, how his fee arrangement works – for example, if his hourly fees totaled $25,000 and the claim payment was $40,000, he would only be paid 10% of the $40,000 claim payment, or $4,000. [Dkt. 122-3 at 17-18.] He testified that in this matter he spent approximately 100 to 275 hours carrying out the appraisal process. [*Id.* at 15.] Assuming that his actual time spent is right in the middle of that range, or 187.5 hours, Mr. Hatfield's hourly rate would yield fees of $46,875.00. Accordingly, he had a financial incentive to make his appraisal exceed $468,750 and, indeed, it did. Conversely, had he adopted the same $90,000 figure as Society's appraiser, his fees would have been limited to $9,000 – not even 20% of his

hourly fee total.  It simply is incorrect and not believable that Mr. Hatfield did not have an incentive to make 10% of his appraisal figure meet or exceed the fee his hourly rate would have yielded.

Because the Court concludes that Mr. Hatfield had a financial interest in the appraisal, it need not consider whether Shree Hari misrepresented Mr. Hatfield's payment arrangement or whether misfeasance occurred during the appraisal process.  The Court does note, however, that it is disturbed by Shree Hari's counsel's representations that "Mr. Hatfield's agreement with Shree Hari is on an hourly basis and always has been.  Accordingly, he has no vested interest in the value of the claim and qualifies as disinterested."  [Dkt. 122-5 at 1.]  While the agreement was not a traditional contingency agreement, Mr. Hatfield indeed had a "vested interest," and that determination is not even a close call.

Accordingly, because Mr. Hatfield was not an impartial appraiser, the Appraisal Award is set aside and is not admissible at trial because it was the product of an improper appraisal process.  The impact of this ruling on the admissibility of Mr. Hatfield's appraisal results, as distinct from the Appraisal Award, will be addressed in connection with the Court's ruling on Society's Motion in Limine, [dkt. 140].

### III.
#### CONCLUSION

For the foregoing reasons, Society's Motion to Set Aside June 5, 2013 Appraisal Results Based on Fraud, Misrepresentation, Partiality and Misfeasance, [dkt. 121], is **GRANTED** and the Appraisal Award is set aside as invalid and is not admissible at trial.

09/05/2013

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**